## UNITED STATES v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania.   September 27, 1915.)

### Nos. 18–20.

1. GRAND JURY ⊗═30—DISCHARGE—WHAT CONSTITUTES.

While Judicial Code (Act March 3, 1911, c. 231) § 285, 36 Stat. 1166 (Comp. St. 1913, § 1262), declares that District Courts may discharge their grand juries whenever they deem a continuance of the sessions of such juries unnecessary, a grand jury, unless discharged by the court, continues to exist until the end of the term, though it does not continue in session; hence,. though relieved from service provisionally, the grand jury may be recalled.

[Ed. Note.—For other cases, ·see Grand Jury, Cent. Dig. § 68;  Dec. Dig. ⊗═30.]

2. GRAND JURY ⊗═31—RECALL—RIGHT TO.

Where the court relieved grand jurors provisionally, and they were recalled by the marshal, acting under the ·orders of the district attorney, the court may, the jurors being present, order them to consider matters which it was desired to submit to them, and the challenge to the array will be overruled, though the grand jury, until authorized by the court, had no power to find indictments.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 69;  Dec. Dig. ⊗═31.]

The Philadelphia & Reading Railway Company was charged with, crime, and pleas in abatement were filed.   On replication to such pleas. Pleas overruled.

See, also, 225 Fed. 301.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.   [1] The main basis for the pleas in abatement is the allegation that the grand jury for March term, 1915, was discharged on March 10, 1915.   There is no question as to the regularity of the issuing of the original venire, nor of the summoning of the grand jurors in the first instance for the March term.   Having been duly summoned, and having been sworn, the individuals became as a body the grand jury for the March term.

Section 285 of the Judicial Code provides that:

"The District Courts * * * may discharge their grand juries whenever they deem a continuance of the sessions of such juries unnecessary."

Until discharged by the court, the grand jury, therefore, continues to exist until the end of the term, even though it does not continue in session.   On March 10, 1915, Judge Dickinson did not determine that he deemed a continuance of the sessions of the grand jury unnecessary, and he did not terminate the existence of the grand jury as an organized body by discharging the grand jurors at that time, for they were expressly instructed that they were relieved from service provisionally; that is, subject to notice of recall by the court, if so requested by the district attorney.   As long, as this body was in existence,

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it was unnecessary to order a new venire to issue to summon a new grand jury, under section 284 (Comp. St. 1913, § 1261).

[2] The remaining question, then, is whether the grand jury which assembled on March 25, 1915, in pursuance of notification from the marshal, under the instructions of the district attorney, was recalled in such manner as to empower them to act upon the bills of indictment returned on March 31, 1915, against the defendant.

While business is actually pending and unfinished before a grand jury, it may, at its own instance, adjourn to meet at a later day, either to suit its own convenience or that of the district attorney, upon his request; but that was not the situation in this case, and, without an order of the court, neither the district attorney nor the marshal had authority to order the grand jury to reconvene. If, in the present instance, the grand jury had, without appearing in court, or without any order or authorization of the court, proceeded to consider new indictments laid before it by the district attorney, such sessions would have been unauthorized, unlawful, and void. When the grand jurors assembled on March 25th in court before Judge Dickinson, they did not derive any authority whatever from the notice they had received from the marshal, at the instance of the district attorney. Being present in court, however, and being the same persons constituting the grand jury for the March term, and not having been discharged, the court had power to order their recall forthwith, upon being advised by the district attorney that he desired to present indictments before them. Upon the challenge to the array, Judge Dickinson held that he had not discharged the grand jury, so as to terminate its existence as a grand jury, and refused to sustain the challenge to the array, and, having them then in court before him, held that no other mandate was required to bring them into court. This was in effect an order at that time that they be recalled forthwith and proceed with their sessions.

The pleas are therefore held insufficient, and overruled.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes